NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3794

_____


In re: RADNOR HOLDINGS CORPORATION, et al.
Debtors

MICHAEL T. KENNEDY,
Appellant


_____


Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-13-cv-01398)
District Judge: Honorable Sue L. Robinson

_____


Submitted Under Third Circuit LAR 34.1(a)
November 19, 2015

Before: AMBRO, NYGAARD, and RENDELL, Circuit Judges

(Opinion filed: December 10, 2015)


_____

OPINION*

_____


AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Radnor Holdings Corporation filed for Chapter 11 bankruptcy protection in 2006. The Bankruptcy Court authorized Skadden, Arps, Slate, Meagher & Flom LLP to serve as bankruptcy counsel and approved Skadden's final fee application in June 2013. Michael Kennedy had filed objections to the final fee application and appealed to the District Court. It affirmed the decision of the Bankruptcy Court and Kennedy has appealed *pro se* the District Court's order.[1] We affirm.

I.

After filing for bankruptcy, Radnor applied to the Bankruptcy Court for an order authorizing it to retain Skadden. The United States Trustee objected because Skadden had disclosed that it represented Tennenbaum Capital Partners LLC in unrelated matters. At the time, Tennenbaum owned stock in Radnor and controlled one of Radnor's four board seats. In September 2006, the Bankruptcy Court conducted a hearing and entered an order approving Skadden's application. Based on Skadden's disclosures, the Court concluded that Tennenbaum was not a significant client and that Skadden's relationship with it was not a disabling conflict of interest. Shortly thereafter, Tennenbaum purchased all of Radnor's stock and assets through a bankruptcy sale after attempts at a restructuring proved unsuccessful.

Fast forward to November 2012, when Skadden filed its final fee application. Kennedy (then represented by counsel) filed written objections. After a two-day evidentiary hearing and post-hearing briefing, the Bankruptcy Court overruled Kennedy's objections and approved the fee application.

---

[1] Kennedy was a lawyer and member of the Pennsylvania bar from 1998 to 2003.

On appeal by Kennedy, the District Court affirmed the Bankruptcy Court's decision. He now appeals to us.[2]

## II.

"Our review of the District Court's decision effectively amounts to review of the [B]ankruptcy [C]ourt's opinion in the first instance." *In re Hechinger Inv. Co. of Delaware*, 298 F.3d 219, 224 (3d Cir. 2002). We review the latter's factual findings for clear error, any questions of law *de novo*, and the approval of the fee application for abuse of discretion. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 257 (3d Cir. 1995).

## III.

Kennedy argues that the Bankruptcy Court abused its discretion in granting the fee application because Skadden's pre-retention disclosures failed to comply with Bankruptcy Rule 2014. Under that Rule, a debtor's application to employ an attorney shall state, "to the best of the applicant's knowledge," the attorney's "connections with the debtor, creditors, [and] any other party in interest." Fed. R. Bank. P. 2014. Kennedy alleges that Skadden failed to disclose in its application to the Bankruptcy Court certain investments in Tennenbaum and its affiliates. The Bankruptcy Court disagreed. After reviewing all the evidence and conducting an in-person hearing, it found that Skadden had not misrepresented its relationship with Tennenbaum. Kennedy has not shown that

---

[2] The District Court had jurisdiction over the final order of the Bankruptcy Court under 28 U.S.C. § 158(a). We have jurisdiction over the District Court's order per 28 U.S.C. § 158(d).

this finding was clearly erroneous and, absent any violation of Rule 2014, the Bankruptcy Court did not abuse its discretion in approving the fee application.

Kennedy also contends that Bankruptcy Court erred in 2006 in approving Skadden as bankruptcy counsel because it was not disinterested, as required by 11 U.S.C. § 327. But any challenge to the Bankruptcy Court's initial approval of Skadden is not properly before us because Kennedy never appealed the retention order or previously identified the order as an issue for this appeal. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997) ("The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review."); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 104 (3d Cir. 1988) (holding Bankruptcy Court order approving retention of a law firm retroactively was appealable order). Kennedy asserts that we have jurisdiction because the Bankruptcy Court "reaffirmed" the 2006 order in 2013 when it approved the final fee application. Nowhere in the Bankruptcy Court's opinion, however, did it purport to reaffirm an earlier order.

Kennedy next claims that the Bankruptcy Court's factual findings in its 2013 opinion were clearly erroneous because it failed to consider evidence of Skadden's willful misconduct. This is incorrect. The Bankruptcy Court noted that it had considered the entire record before approving the fee application, and Kennedy is unable to identify any particular evidence that was omitted. In effect, he is arguing that the Bankruptcy Court did not construe the evidence in order to reach his desired conclusions. This is not a ground for reversal. *In re Myers*, 491 F.3d 120, 126 (3d Cir. 2007) ("The [B]ankruptcy

4

[C]ourt is best positioned to assess the facts, particularly those related to credibility . . . .").

Finally, Kennedy argues that the Bankruptcy Court abused its discretion in denying his motion to vacate the sale and confirmation orders entered in Radnor's bankruptcy. The Court denied the motion as time-barred in April 2013 and Kennedy never appealed the order or raised this issue for appeal. Accordingly, any challenge to that denial is not properly before us. *Shareholders*, 109 F.3d at 879.

\* \* \* \* \*

We thus affirm the decision of the District Court affirming the ruling of the Bankruptcy Court.