**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 17-1415

——————————

In re:  RADNOR HOLDINGS CORPORATION, et al.,
Debtors

RADNOR HOLDINGS CORPORATION, et al.; MICHAEL T. KENNEDY; MTK
TRUST FBO RYAN M. KENNEDY; MTK TRUST FBO SEAN M. KENNEDY; MTK
TRUST FBO MICHAEL C. KENNEDY; and MTK TRUST FBO CONOR R.
KENNEDY

v.

SKADDEN ARPS SLATE MEAGHER & FLOM LLP; SKADDEN ARPS SK
PRIVATE INVESTMENT FUND 1998 c/o SKADDEN ARPS; RICHARD T. PRINS;
GREGORY M. GALARDI; TENNENBAUM CAPITAL PARTNERS, LLC;
MICHAEL E. TENNENBAUM; SUSAN S. TENNENBAUM; DAVID HOLLANDER;
ALVAREZ & MARSEL LLC; TENNENBAUM SVEF LLC; TENNENBAUM SVOF
LLC; MARK HOLDSWORTH; HOWARD LEFKOWITZ; BABSON & CO.;
RICHARD E. SPENCER; JOSE E. FELICIANO; STANLEY SPRINGEL; SK
PRIVATE INVESTMENT FUND 1998 LLC

MICHAEL T. KENNEDY,
Appellant

——————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-16-cv-00332)
District Judge: Honorable Richard G. Andrews

——————————

Submitted under Third Circuit LAR 34.1(a)
September 27, 2017

Before:  SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

_____

OPINION*

_____

RESTREPO, *Circuit Judge*

Appellant Michael T. Kennedy, former majority shareholder and former Chairman of the Board of Directors of Radnor Holdings Corporation ("Radnor" and, together with Radnor's affiliated Chapter 11 debtors, "Debtors"), appeals pro se the District Court's Order affirming the Bankruptcy Court's grant of appellees' respective motions to dismiss Kennedy's Complaint. Kennedy's Complaint challenges the bankruptcy sale of the assets of the Debtors to an affiliate of Tennenbaum Capital Partners LLC ("Tennenbaum"). The Bankruptcy Court found that Kennedy's claims were time-barred, were precluded as already adjudicated, and that Kennedy lacked standing to bring the claims. For the reasons explained below, we affirm.

## I.[1]

In 2006 the Debtors filed for Chapter 11 bankruptcy protection. The Debtors then applied for an Order authorizing them to retain Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as their bankruptcy counsel. The U.S. Trustee objected because

_____

* This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition.

Skadden had disclosed that it represented Tennenbaum, Radnor's secured lender, in unrelated matters. Following a hearing, upon concluding that Tennenbaum was not a significant client and that Skadden's relationship with it was not a disabling conflict of interest, the Bankruptcy Court entered an Order authorizing the Debtors to employ Skadden. Tennenbaum then purchased Radnor's assets through a bankruptcy sale after Radnor's attempts at restructuring proved unsuccessful.

Coincident with the sale process in the Chapter 11 proceedings, Radnor's Unsecured Creditors Committee ("Committee") commenced litigation against Tennenbaum and its affiliates alleging claims of, *inter alia*, breach of fiduciary duty and fraudulent transfers. Following extensive discovery and eight days of trial, on November 17, 2006 the Bankruptcy Court entered Judgment in favor of the defendants. *See In re Radnor Holdings Corp.*, 353 B.R. 820, 26-827 (Bankr. D. Del. 2006). In support thereof, the Court found that Tennenbaum did not engage in wrongful conduct and that Tennenbaum at all times acted in good faith with a view to maximizing Radnor's value to all constituents. *Id.* at 841. The Committee did not pursue an appeal of the Bankruptcy Court's Judgment, and the Bankruptcy Court entered an Order approving the sale of the Debtors' assets to a Tennenbaum affiliate ("Sale Order").

On September 10, 2012, the Bankruptcy Court entered an Order confirming Radnor's plan of liquidation ("Plan"), and thereafter, in accordance with the terms of the Plan, Skadden filed its Final Fee Application. In December 2012, Kennedy filed in the Bankruptcy Court his original Complaint, along with his Objection to the Final Fee

3

Application, and he filed his Amended Complaint in February 2013 ("Complaint"). The Bankruptcy Court stayed the deadline for filing a response to the Complaint pending the outcome of Kennedy's Objection and the Final Fee Application proceedings.

After an evidentiary hearing, the Bankruptcy Court entered its Order overruling Kennedy's Objection in its entirety and granting Skadden's Final Fee Application ("Final Fee Order"), finding that Kennedy's assertions were without merit and that Skadden and Tennenbaum did not fail to disclose conflicts or act improperly. *See In re Radnor Holdings Corp.*, 2013 WL 3228116 (Bankr. D. Del. June 20, 2013). Kennedy appealed the Final Fee Order to the District Court, which affirmed on August 13, 2014. *In re Radnor Holdings Corp.*, 528 B.R. 245, 251 (D. Del. 2014). Kennedy then appealed to our Court, and on December 10, 2015, this Court affirmed the District Court's decision.[2] *In re Radnor Holdings Corp.*, 629 F. App'x 277, 280 (3d Cir. 2015). The Supreme Court denied *certiorari* on October 11, 2016. *See Kennedy v. Skadden, Arps, Slate, Meagher & Flom LLP*, 137 S. Ct. 294 (2016).

After this Court's affirmance of the Final Fee Order, appellees filed their respective Motions to Dismiss the Complaint, and the Bankruptcy Court granted those motions, finding that Kennedy's claims were time-barred, that the doctrines of law of the case, *res judicata*, and collateral estoppel prevented Kennedy from re-litigating the

---

[2] In that Kennedy's Objection to the Final Fee Application incorporated the allegations of his Complaint by reference, Kennedy's appeal of the Final Fee Order raised very similar, if not identical, claims as those raised in this appeal, including that Skadden attorneys concealed their investments in the Tennenbaum-affiliated Special Value Expansion Fund LLC.

4

issues, and that Kennedy lacked standing to bring his claims. *See In re Radnor Holdings Corp.*, 2016 WL 1644499 (Bankr. D. Del. Apr. 22, 2016). On appeal, the District Court affirmed, s*ee In re Radnor Holdings Corp.*, 564 B.R. 467 (D. Del. 2017), and Kennedy appeals from the District Court's affirmance.

## II.[3]

Appellees argue that the Bankruptcy Court properly concluded that Kennedy's claims were time-barred, and that we may affirm on this basis alone. We agree.

The Bankruptcy Court determined there are multiple statutes of limitations which potentially apply to Kennedy's claims and that his claims are time-barred no matter which of those statutes of limitations apply. *See Radnor Holdings Corp.*, 2016 WL 1644499, at \*3 (identifying all potentially applicable statutes of limitations). Specifically, none of the even potentially applicable statutes of limitations is more than six years, and because all of the wrongful acts alleged in Kennedy's Complaint predate or relate to Radnor's sale to Tennenbaum on November 21, 2006, and Kennedy did not file his original Complaint until December 26, 2012, more than six years later, each of the causes of action asserted in Kennedy's Complaint is time-barred.

---

[3] The Bankruptcy Court and the District Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 158(d), respectively. We have appellate jurisdiction under 28 U.S.C § 158(d). "Because the District Court sat as an appellate court to review the Bankruptcy Court, we review the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 816 (3d Cir. 2010); *see also In re Telegroup, Inc.*, 281 F.3d 133, 136 (3d Cir. 2002) ("[T]his Court conducts the same review of the Bankruptcy Court's order as did the District Court.").

5

On appeal, Kennedy does not dispute that, absent tolling, all potentially applicable statutes of limitations had expired by the time he filed his Complaint.[4] However, he argues that any applicable limitations periods should be equitably tolled in this case because, according to Kennedy, appellees concealed, until March 15, 2013, that certain Skadden attorneys had ownership interests in a Tennenbaum-affiliated Fund. Kennedy acknowledges that ownership in the Tennenbaum affiliate by Skadden attorneys forms the basis for relief he is requesting under each of the counts set forth in his Complaint.

As the Bankruptcy Court and the District Court pointed out, the Bankruptcy Court conducted the hearing on the sale to Tennenbaum on November 21, 2006, more than six years before Kennedy filed his Complaint, and Kennedy knew of Skadden's relationship with Tennenbaum, at the latest, by the time of the 2006 sale hearing. Following an evidentiary hearing, the Bankruptcy Court overruled Kennedy's Objection to Skadden's Final Fee Application and found that prior to and at the September 20, 2006 hearing on Skadden's retention as bankruptcy counsel, Skadden disclosed, among other things, that Skadden partners had invested in the Tennenbaum-affiliated Funds. *Radnor Holdings Corp.*, 2013 WL 3228116, at *3. Further, the Court pointed out that these disclosures were made openly and publicly prior to the Court's approval and authorization of Skadden's retention. *Id.* at *3. Similarly to Kennedy's claims on appeal here, on appeal to the District Court from the Bankruptcy Court's Final Fee Order and then on appeal to

---

[4] Therefore, this appeal does not call upon us to determine which specific statute of limitations applies to each of the causes of action alleged in Kennedy's Complaint.

this Court, Kennedy argued that Skadden's pre-retention disclosures failed to include investments by Skadden partners in Tennenbaum-affiliated Funds, but we affirmed the finding that Skadden had disclosed prior to its retention that its partners had invested in Tennenbaum-affiliated Funds. *See Radnor Holdings Corp.*, 2013 WL 3228116, at \*3 (finding Skadden disclosed that "[c]ertain Skadden partners invested in Tennenbaum affiliated funds . . . openly, publicly and to [the] Court prior to [the] Court's approval and authorization of Skadden's retention"), *aff'd*, 528 B.R. at 249-51, *aff'd*, *In re Radnor Holdings Corp.*, 629 F. App'x 277, 279 (3d Cir. 2015), *cert. denied*, 137 S. Ct. 294 (2016). Kennedy is unable to show that equitable tolling applies here. Since Tennenbaum's relationship with Skadden, including that certain Skadden partners had invested in Tennenbaum-affiliated Funds, was revealed at the latest by the sale hearing, and thus more than six years before Kennedy filed his Complaint, his claims are time-barred.[5]

For the foregoing reasons, we affirm.

---

[5] Having found that appellees' respective motions to dismiss were properly granted because Kennedy's claims were time-barred, it is unnecessary to address the Bankruptcy Court's other grounds for granting appellees' motions, including that Kennedy lacks standing to bring his claims and that Kennedy's claims are precluded as already adjudicated. We also need not address the additional grounds raised by appellees for affirming dismissal of the Complaint, including that the Sale Order approved a release of appellees from Kennedy's claims and that the Confirmation Order foreclosed Kennedy's right to object.